ERVIN, Justice.
The Petitioner-Claimant in this case suffered a compensable back injury on November 24, 1963 while working for the Respondent Dade County Board of Public Instruction. She saw a Dr. Halperin about her back the following day, and received treatment from him for the injury two days after the accident. While she was being moved about on an X-ray table she experienced increased pain in her back. Dr. Halperin then called in a Dr. Gregory, who subsequently performed an operation on Petitioner for herniated disc.
The Petitioner filed a claim for workmen’s compensation benefits and, after a hearing, the Deputy entered an order awarding temporary total disability benefits. The Florida Industrial Commission reversed this order because the Deputy had failed to make adequate findings of fact on two points: (1) the relationship of the incident on the X-ray table to the herniated disc; (2) the employer’s allegation that Petitioner’s award should have been apportioned because of a pre-existing disease. On remand the Deputy entered an order containing a detailed discussion of these two points. This order pointed out that both doctors testified the X-ray table incident had no overall effect on Petitioner’s back, but simply caused a temporary increase in pain. The order also noted that Petitioner had no pre-existing disease, but that some degenerative changes due to age had taken place. The Deputy reasoned that the statute did not require apportionment of a pre-existing weakness due to age.
In a two to one decision the full Commission again reversed the Deputy and entered an order stating “[o]ur review of the medical evidence * * * compels us to believe that something did occur in the X-ray room that is in need of further inquiry before the deputy commissioner can make a proper determination of this cause.” The order stated that the case should be remanded so that the employer could “further examine the claimant as to whether or not she has filed a claim against the Hialeah Hospital or their employees due to the X-ray table incident.”
The Petitioner is now asking the Court to vacate this order of the full Commission and to reinstate the Deputy’s order.
As to the second remand for further evidence concerning the relationship of the incident on the X-ray table to the herniated disc, the testimony clearly reflects both doctors, Halperin and Gregory, gave their medical opinions as found and recited by the Deputy:
“ * * * that although the incident on the X-ray table caused an increase of pain, it was the initial injury of November 24, 1963 [the compensable injury] which was the cause of claimant’s herniated disc. Both doctors had a complete *441 history of the initial accident and the incident on the X-ray table, and yet it was their opinion that the incident on the X-ray table played no role in causing or aggravating claimant’s herniated disc.”
Accordingly, the Deputy did not find the X-ray table incident an intervening cause. Under our often announced rule respecting the weight to be given a Deputy’s finding under circumstances of the kind above related, we find no justification for the second remand of the Commission on this point. See United States Casualty Company v. Maryland Casualty Company (Fla.), 55 So.2d 741.
We next consider the point in the second remand of the Commission which was ordered so the employer could “further examine the claimant as to whether or not she filed a claim against the Hialeah Hospital or their employees due to the X-ray table incident.”
A remand for this specific purpose appears from the record to be supererogatory. It was brought out by counsel for Claimant in the hearing prior to the remand that there was no third party claim. The following appears in the testimony:
“Q [By Counsel for Employer-Carrier] Have you [Claimant] instructed your attorneys to file a claim against Hialeah Hospital or their employees regarding this incident ?
MR. HEADLEY [Of counsel for Claimant] : I object to that.
THE COMMISSIONER: If there is a third party claim pending—
MR. HEADLEY: There is not one, and I do not think the question is proper by any stretch of the imagination.”
The Deputy having been advised by counsel for Claimant in the administrative hearing that there was no third party claim, the burden then moved to the Employer-Carrier to refute this denial if it could by its own evidence that a claim or suit in fact had been filed by Claimant against the Hospital or the latter’s employees. This issue was not of sufficient importance, in our opinion, to warrant a remand for further questioning of Claimant on the point in view of the specific denial by Claimant’s counsel in the earlier hearing, and the absence of any countervailing showing on the Employer-Carrier’s part that such a claim had in fact been filed. Furthermore, the testimony of the two doctors that the X-ray table incident was not an intervening cause producing Claimant’s injury negatives the inference Claimant had any claim against the Hospital or its employees inconsistent with her claim for compensation.
The Commission’s order further remanding the case is quashed with directions that the Deputy’s order be reinstated.
The motion for attorney’s fee filed by Petitioner Zolobosky is granted in the sum of $350.00.
It is so ordered.
ROBERTS, DREW and THORNAL, JJ., concur.
CALDWELL, C. J., dissents.